UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY RAY HAWES,

    Plaintiff,

    v.

SCOTT KERNAN, et al.,

    Defendants.

Case No. 17-cv-05969-WHO (PR)

**ORDER OF DISMISSAL**

For the sixth time this year, plaintiff Terry Hawes seeks relief for injuries allegedly caused by his 2009 state convictions for rape and other crimes. In two of the civil rights actions, he attempted to sue the governor (whose connection to Hawes's convictions plaintiff never established) and the trial judge who presided over his criminal trial (who is absolutely immune from civil liability for damages for acts performed in a judicial capacity).[1] The third was dismissed because Hawes failed to pay the filing fee or submit a complete application to proceed *in forma pauperis*.[2] The fourth, which named the district attorney and an assistant district attorney as defendants, and the fifth, which named the governor and his legal affairs secretary, were dismissed because they, like the present action, were barred by *Heck*.[3] In the sixth and present action, Hawes sues the state governor and the Secretary of the CDCR for failing to free him even after he gave them evidence that his trial was unfair.

As with the prior actions, the current 42 U.S.C. § 1983 suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As was made clear in the prior dismissal orders, *Heck*

---

[1] *Hawes v. Brown*, 17-cv-02400-WHO; and *Hawes v. Brown*, 17-cv-05166-WHO.

[2] *Hawes v. State of California*, 17-cv-01168-WHO.

[3] *Hawes v. Berberian*, 17-cv-05566-WHO; and *Hawes v. Krause*, 17-cv-05968-WHO. *Berberian* was dismissed with prejudice because state prosecutors are absolutely immune from damages liability under section 1983 for acts taken within their role as advocates of the state.

bars section 1983 actions for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. *Id.* at 486-487. When a state prisoner seeks damages in a section 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487. The *Heck* bar applies here because a judgment that defendants failed to free him would necessarily imply the invalidity of his convictions and sentence.

The *Heck* bar can be avoided if a plaintiff can prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Hawes has made no showing that *Heck* does not bar his case.

Accordingly, this action is DISMISSED without prejudice. Hawes may refile his suit if he can show that his conviction has been invalidated in one of the ways specified in *Heck*.

**CONCLUSION**

This federal civil rights action is DISMISSED without prejudice. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 31, 2017

WILLIAM H. ORRICK
United States District Judge

2